**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


United States of America

    v.                                        Case No. 05-cr-257-01-JD

Robert Russell


**O R D E R**

Defendant submitted a letter request, which the Court construed as a motion to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 43). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  On December 8, 2006, the above-named defendant pled guilty to a three count indictment charging him with two counts of Distribution of Cocaine Base and one count of Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1).  The presentence report (using the November 1, 2006 edition of the Guidelines Manual in conjunction with the emergency amendments effective May 1, 2007) determined the defendant was responsible for .57 grams of cocaine base and 1.19 grams of powder cocaine which, after converting the drugs to their marijuana equivalent, resulted in a base offense level of 16.  After applying a three level reduction for

acceptance of responsibility, the defendant's adjusted offense level was determined to be 13.  However, the defendant was determined to be a career offender, which increased his base offense level to 32 and his total offense level, after applying a three level reduction for acceptance of responsibility, to 29.  The defendant's criminal history category was determined to be VI and his advisory guideline range to be 151 to 188 months.

   At the sentencing hearing, the Court determined the total offense level to be 29, the criminal history category to be VI, and the advisory guideline range to be 151 to 188 months.  The Court concluded, however, that a criminal history category VI and a total offense level of 29 substantially over represented the seriousness of the defendant's criminal history.  As a result, the Court departed downward one criminal history category from criminal history category VI to V and, within that category, departed downward 4 levels from offense level 29 to 25.  The Court sentenced the defendant to 84 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and 3 years of supervised release.

   On February 25, 2009, the defendant filed a pro se motion requesting a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), due to the recent reduction in the crack cocaine guideline.  The amended guideline range is determined by

substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant initially receives a two level reduction in the base offense level from level 16 to level 14.  There is no reduction in his total offense level, however, because he was deemed to be a career offender.  As a result, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's imprisonment guideline range.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 43) is DENIED.

**SO ORDERED.**

Date:   March 12, 2009           **/s/ Joseph A. DiClerico, Jr.**
                                 Joseph A. DiClerico, Jr.
                                 United States District Judge


cc:  Robert Russell, pro se
     Counsel of Record