UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                              Criminal No. 05-cr-257-JD
                                      Opinion No. 2010 DNH 005

Robert Russell

O R D E R

    Robert Russell, who pled guilty to two counts of distributing cocaine base and one count of distributing cocaine, is serving a sentence of eighty-four months of imprisonment, to be followed by three years of supervised release. In February of 2009, Russell, proceeding pro se, moved for a reduction of his sentence under 18 U.S.C. § 3582(c), citing the retroactive amendment of the sentencing guidelines for calculating the amount of crack cocaine involved in drug crimes. The court denied his motion in an order dated March 12, 2009, which provides the background pertinent to Russell's sentence. The court concluded that application of the guidelines amendment would not reduce Russell's total offense level because he was deemed to be a career offender. Russell did not appeal the court's decision.

    On October 5, 2009, Russell moved for leave to file another motion to modify his sentence under § 3582(c)(2), and on October 16, 2009, he moved for reconsideration of his status as a career

offender.  The government was directed to respond to Russell's motions and has filed its objection.  The government contends that Russell is not entitled to the relief he seeks.  Russell has filed a reply.

A.  Motion for Sentence Modification

   Russell requests leave to file a motion for sentence reduction, arguing that his prior filing, which resulted in the court's order issued on March 12, 2009, was merely a letter requesting information, not a motion for sentence reduction. Russell's letter, dated February 18, 2009, explained that he was no longer represented by counsel, that he was aware of the change in the sentencing guidelines pertaining to crack cocaine calculations, and that he believed the amendment applied to his sentence.  Russell asked the court to review his case.  The court directed the clerk's office to docket the letter as a motion, and the letter was filed as a motion on February 25, 2009.  The court's order denying the motion issued on March 12, 2009.

   Given the relief Russell requested, his letter was properly considered as a motion.  In addition, Russell does not explain why he waited for nearly seven months to notify the court that he had not intended his earlier filing to be a motion.  Under these circumstances, Russell has not shown why the court should grant

him leave to file a second motion for modification of his sentence. Nevertheless, the court will consider Russell's motion, which provides a more complete argument to support his theory for sentence modification.

Relying on § 3582(c), Russell asks the court to apply the amendment to the crack cocaine quantity calculation in U.S.S.G. § 2D1.1 to reduce his sentence, arguing that his criminal record did not support the determination that he was a career offender. He contends that he did not have two prior felony convictions, as required for career offender status. See U.S.S.G. § 4B1.1(a). He relies on the dismissal of one of his prior convictions for assault and battery to support his theory that he was erroneously found to be a career offender.

Section 3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed" except in the limited circumstances provided in the statute.[1]  See United States v. Poland, 562 F.3d 35, 37 (1st Cir. 2009). Under § 3582(c)(2), which is the basis for Russell's motion, a district court may reduce the term of a defendant's imprisonment "in the case of a defendant who has been sentenced to a term of

---

[1] Indeed, the Seventh Circuit characterizes the limits imposed under § 3582(c) as jurisdictional.  See United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006).

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

As is discussed in the court's order issued on March 12, 2009, although the Drug Quantity Table was amended, which in some cases may be grounds for reducing a sentence, application of the amended quantity in Russell's case does not reduce his term of imprisonment because he was sentenced as a career offender. Russell's arguments about his career offender status are based on his interpretation of the guidelines and the disposition of one of his convictions, which do not fall within the exception allowed by § 3582(c)(2) for a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."[2]

B.  Motion for Reconsideration

Russell also asks the court to reconsider the sentencing determination that he is a career offender.  He contends that his sentence is based on false information, because one of his felony

---

[2] Although Russell refers to the amendment of U.S.S.G. § 4A1.2(c)(1), that section does not provide a sentencing range that was subsequently lowered by amendment.

4

convictions was dismissed, and criticizes the representation provided by his counsel. Although Russell again cites § 3582(c)(2), as is explained above, that statute does not authorize the court to provide the relief Russell is seeking.

Instead, 28 U.S.C. § 2255 provides a means for a prisoner to challenge the legality of his sentence, including claims of ineffective assistance of counsel. As the government points out, however, even if Russell's motion were construed as a petition under § 2255, it would be dismissed because it was not timely filed. See § 2255(f). Therefore, the motion is denied.

## Conclusion

For the foregoing reasons, the defendant's motion for leave to file a motion for modification (document no. 47) and motion for reconsideration (document no. 48) are denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

January 6, 2010

cc: Kenneth P. Glidden, Esquire
    Aixa Maldonado-Quinones, Esquire
    Mark S. Zuckerman, Esquire